## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**BRADFORD METCALF,**

      **Petitioner,**

**v.**                                                    **Case No. 1:14-cv-27185**

**BART MASTERS, Warden,**
**FCI McDowell,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), the petitioner's Motion to Unseal Transcripts (ECF No. 5), and the petitioner's Motion to Dismiss Criminal Case for Lack of Jurisdiction (ECF No. 8). The petitioner also filed a Memorandum of Law (ECF No. 3) and an Affidavit in support of his petition (ECF No. 4). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's section 2241 petition (ECF No. 1), his Motion to Unseal Transcripts (ECF No. 5) and his Motion to Dismiss Criminal Case for Lack of Jurisdiction (ECF No. 8), and **DISMISS** this matter from the docket of the court.

## BACKGROUND AND PETITIONER'S CLAIMS

On October 23, 2014, the petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1) and a Memorandum of Law in support thereof (ECF No. 3).   The petition concerns the petitioner's convictions and aggregate sentence of 480 months, after being found guilty by a jury in the United States District Court for the Western District of Michigan on one count of conspiracy to possess machineguns, to threaten to assault and murder federal employees, in violation of 18 U.S.C. § 371; four counts of unlawfully possessing machineguns, in violation of 18 U.S.C. § 922(o)(1); two counts of unlawfully possessing a firearm silencer and a destructive device, in violation of 18 U.S.C. § 5861(d); and using and carrying a semiautomatic assault weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

The petitioner's sentence was imposed on May 26, 1999. (*United States v. Metcalf*, Case No. 1:98-cr-00054-PLM-2, ECF No. 231, Judgment).   His conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit on June 28, 2000.   (*United States v. Metcalf*, 221 F.3d 1336, 2000 WL 924171 (6th Cir. June 28, 2000)).   The petitioner's petition for a writ of certiorari was denied by the Supreme Court on December 11, 2000.   (*Metcalf v. United States*, 531 U.S. 1053 (2000), *reh'g denied*, 531 U.S. 1133 (Jan. 22, 2001)).   Accordingly, on that date, the petitioner's judgment became final.

On July 2, 2001, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Michigan.   (Case No. 1:98-cr-00054-PLM-2, ECF No. 280).   Ultimately, the petitioner was represented by counsel, who filed an Amended Section 2255 Motion on

January 22, 2002.  (*Id.*, ECF No. 295).  The section 2255 motion was denied on June 19, 2002.  (*Id.*, ECF Nos. 312, 313).  The petitioner subsequently filed several motions for reconsideration which have been construed as second or successive section 2255 motions.  The petitioner has been denied authorization by the Sixth Circuit to file a second or successive section 2255 motion.[1]

The petitioner filed the instant section 2241 petition (ECF No. 1), Memorandum of Law in support thereof (ECF No. 3), Affidavit (ECF No. 4), and Motion to Unseal Transcripts (ECF No. 5) in this court on October 23, 2014.  On October 31, 2014, the petitioner also filed a Motion to Dismiss Criminal Case for Lack of Jurisdiction (ECF No. 8).

The petitioner's petition contains two overarching issues:  (1) that his conviction resulted from bias and misconduct of the presiding District Judge; and (2) that he is actually innocent of the crimes of which he was convicted.  The petitioner's Memorandum of Law addresses numerous sub-issues concerning the propriety of his conviction and sentence, which, he claims, collectively resulted in a fundamental miscarriage of justice.

## ANALYSIS

All of the petitioner's claims challenge the validity of his convictions and sentence, and not the manner in which his sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.  28 U.S.C. § 2241 is generally used to

---

[1]  Via the court's PACER program, the undersigned has been able to review the docket sheets of the petitioner's criminal and civil cases filed in the United States District Court for the Western District of Michigan and in the United States Court of Appeals for the Sixth Circuit. However, a number of the documents in the petitioner's case files are not scanned into the CM/ECF or PACER systems.  Thus, the undersigned has only been able to print and review the docket sheets and the relevant opinions available on Westlaw.

address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.  The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination.  The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the

gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

The petitioner is not asserting that there has been an intervening change in substantive law that has established his actual innocence of the underlying conviction; rather, the petitioner merely repeats claims made in his direct appeal and post-conviction motions asserting that he has always been actually innocent of the crimes of which he was convicted, that the trial court was biased, and that the court lacked jurisdiction to convict him. Such issues are clearly subject to review only on direct appeal or in a section 2255 motion. The fact that these claims were unsuccessfully raised in the petitioner's prior federal proceedings, notwithstanding his contentions that the Michigan district court and the Sixth Circuit are "biased," is not a sufficient basis upon which to find that section 2255 is "inadequate" or "ineffective" to test the legality of the petitioner's detention. *See, e.g., Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988); *Barnett v. Ebbert*, 535 F. App's 70 (3d Cir. 2013) (alleged judicial bias does not render section 2255 inadequate or ineffective and is not a basis for a section 2241 petition). Accordingly, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241.

In summary, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. The petitioner's claims should be addressed, if at

all, in a section 2255 motion filed in the court of conviction.  However, the petitioner has already pursued relief under section 2255 in the court where he was convicted and, at present, he has not received authorization from the United States Court of Appeals for the Sixth Circuit to file a second or successive section 2255 motion.   Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition and his related motions.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1), his Motion to Unseal Transcripts (ECF No. 5), and his Motion to Dismiss Criminal Case For Lack of Jurisdiction (ECF No. 8), and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Senior Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

August 6, 2015

Dwane L. Tinsley
United States Magistrate Judge