```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

BRADFORD METCALF,

       Petitioner,

v.                                          Civil Action No: 1:14-27185

BART MASTERS,
Warden

       Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. No. 1), motion to unseal transcripts, (Doc. No. 5), and motion to dismiss criminal case for lack of jurisdiction. (Doc. No. 8). By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 7). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on August 6, 2015. (Doc. No. 10). In the PF&R, Magistrate Judge Tinsley recommended that the court deny petitioner's petition for a writ of habeas corpus, as well as his motion to unseal transcripts and motion to dismiss criminal case for lack of jurisdiction, and dismiss this matter from the court's docket. (Doc. No. 10 at 6).

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner timely filed an objection on August 19, 2015. (Doc. No. 11). Because petitioner's objection is without merit, the court adopts the PF&R and dismisses petitioner's petition.

I. **Background**

After a jury trial in the United States District Court for the Western District of Michigan, petitioner was found guilty of one count of conspiracy to possess machineguns to threaten to assault and murder federal employees, in violation of 18 U.S.C. § 371; four counts of unlawful possession of machineguns, in violation of 18 U.S.C. § 922(o)(1); two counts of unlawful possession of a firearm silencer and a destructive device, in violation of 18 U.S.C. § 5861(d); and using and carrying a semiautomatic assault weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On May 26, 1999, the court imposed a sentence of 480 months. United States v. Metcalf, 221 F.3d 1336, at *2 (6th Cir. 2000). The United States Court of Appeals for the Sixth Circuit affirmed petitioner's convictions and sentence, Id. at *5, and the United States Supreme Court denied petitioner's petition for a writ of certiorari. Metcalf v. United States, 531 U.S. 1053 (2000); reh'g denied, 531 U.S. 1133 (Jan. 22, 2001).

2

On July 2, 2001, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Case No. 1:98-cr-00054-PLM-2, Doc. No. 280). Petitioner thereafter retained counsel, who filed an amended § 2255 motion approximately six months later. (Id., Doc. No. 295). The court denied petitioner's § 2255 petition on June 19, 2002. (Id., Doc. No. 312, 313). Petitioner subsequently filed several motions for reconsideration which have been construed as second or successive § 2255 motions. Notably, the Sixth Circuit has not authorized petitioner to file a successive § 2255 petition.

## II. Petitioner's Objection to the PF&R

In his PF&R, Magistrate Judge Tinsley found that petitioner's instant petition challenges the validity of his convictions and sentence, rather than the manner of its execution. Magistrate Judge Tinsley further found that the "savings clause" of § 2255 did not permit review of petitioner's claims under § 2241. As petitioner's petition seeks relief afforded under § 2255 but petitioner has not received authorization to file a successive § 2255 petition, the PF&R recommended denial of the instant petition.

In his objection, petitioner reiterates the main claims of his § 2241 petition, namely, that he is actually innocent of the crimes of which he was found guilty and that the trial judge displayed impermissible bias against him. Petitioner argues

3

that Judge Richard Enslen, who presided over his trial and sentencing, was biased against him and this bias constituted a fundamental defect in the criminal proceedings, one that may be addressed through the "savings clause" of § 2255.

Petitioner relies solely on Poole v. Dotson, 469 F. Supp. 2d 329 (D.Md. 2007), in which a court found that the savings clause of § 2255 authorized a prisoner to seek relief under § 2241 after he had already filed an unsuccessful § 2255 petition.[1] After denial of his original § 2255 petition, Poole received notice that one of his prior state convictions was reclassified from a felony to a misdemeanor. Id. at 331. At his sentencing years earlier, the district court sentenced Poole as a career offender for purposes of the Sentencing Guidelines, based in part upon this later-reclassified felony conviction. Id. After the Fourth Circuit prohibited Poole from filing a successive §

---

[1] Notably, the Fourth Circuit reversed the district court's decision and remanded the case, finding that the district court did not have jurisdiction over Poole's § 2241 petition. United States v. Poole, 531 F.3d 263, 275 (4th Cir. 2008). While Poole was convicted in the District of Maryland, he was sent to federal prison in Cumberland, Kentucky to serve his sentence. Id. at 264. After appearing before his original sentencing judge in Maryland on an outstanding post-conviction motion, the district court allowed Poole to remain in custody in Maryland for several months, "short-circuiting [his] return to his Kentucky cell, in an express attempt to create the requisite confinement for purposes of obtaining jurisdiction over the [§ 2241 petition]." Id. at 264-65. The Fourth Circuit reversed the district court's grant of a writ of habeas corpus, finding that the district court "sequester[ed] Poole in Maryland for the sole purpose of solidifying its own jurisdiction." Id. at 274.

4

2255 petition, Poole filed a § 2241 petition and argued that his sentence was enhanced illegally. Id. The court found that "Poole's situation present[ed] another unique and very limited circumstance where Section 2255 is inadequate and ineffective to test the legality of his sentence." Id. at 336. As a result, the court permitted Poole's petition to proceed as a § 2241 and ultimately granted his petition for a writ of habeas corpus. Id. at 336, 339.

While petitioner contends that his case "is on 'all fours' with Poole," (Doc. No. 11 at 3), the court disagrees. The factual background was critically important to the district court's reasoning in Poole. The district court reasoned that Poole was not aware that his felony conviction had been reclassified as a misdemeanor at the time of his original § 2255, and, therefore, he could not have challenged his status as a career offender in that petition. As a result, the court concluded that the savings clause permitted him to employ this new information to attack the validity of his sentence through § 2241. Petitioner has not demonstrated any change in circumstance similar to that in Poole. Petitioner raised these same arguments in his original § 2255 and was unsuccessful. He has presented no information that was unavailable to him at the time of his original § 2255, nor has he received permission to file a successive § 2255 petition. Petitioner's circumstances,

5

unlike Poole's, are neither unique nor very limited. Accordingly, the court overrules petitioner's objection to Magistrate Judge Tinsley's conclusion that the savings clause of § 2255 does not apply to his case.

While petitioner does not contest the PF&R's conclusion that denial of his remaining motions is appropriate, the court considered these motions as well and concurs with Magistrate Judge Tinsley's recommendation. In his motion to unseal transcripts, (Doc. No. 5), petitioner argues that certain transcripts contain concealed information which is pertinent to his § 2241 petition. (Doc. No. 5 at 1). As the court has concluded that petitioner's § 2241 petition is actually a successive § 2255 and, accordingly, the court must deny as moot this motion related to his successive § 2255. The court furthermore concludes that it must also deny petitioner's motion to dismiss his criminal case. (Doc. No. 8). This court never possessed jurisdiction over petitioner's criminal case, and, as a result, cannot dismiss that criminal case. Therefore, denial of both of petitioner's motions is appropriate.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objection to Magistrate Judge Tinsley's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DISMISSES** petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241, (Doc. No. 1), **DENIES** petitioner's motion to unseal transcripts, (Doc. No. 5), **DENIES** petitioner's motion to dismiss criminal case for lack of jurisdiction, (Doc. No. 8), and **DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 25th day of August, 2015.

ENTER:

David A. Faber
Senior United States District Judge